NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARYL VOOGE, | No. 19-36115 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-05036-MKD |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, Magistrate Judge, Presiding

Submitted March 5, 2021**
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,*** Senior District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

Appellant Daryl Vooge appeals the district court's affirmance of the Commissioner of Social Security's denial of disability benefits. Appellant challenges the findings of the administrative law judge ("ALJ") who conducted the prescribed sequential evaluation of Appellant's claim and found that any impairments he had were not severe. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the "district court's order affirming the ALJ's denial of social security benefits de novo . . . and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citations and internal quotation marks omitted).

1.     The ALJ provided "specific and legitimate reasons that are supported by substantial evidence" in weighing conflicting medical opinions. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The testimony of a non-examining medical advisor may support an ALJ's rejection of an examining physician's conclusions. *See, e.g.*, *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989). Here, the ALJ rejected an examining physician's opinion with reference to the medical record, contrary medical opinions, and inconsistencies in Appellant's testimony. The ALJ determined that the examining physician's opinion deserved little weight, as the examination took place more than two years after the date last insured, and it was inconsistent with objective medical evidence. In contrast, the

ALJ was persuaded by a non-examining physician who thoroughly reviewed the entire record and defended his positions at the disability hearing. The ALJ acted within her authority in making that determination. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

2. The ALJ also permissibly concluded that Appellant's impairments were not severe. A finding of disability requires a severe medically determinable physical or mental impairment (or combination of impairments) that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe impairment" must "significantly limit[]" the claimant's "physical or mental ability to do basic work activities." *Id.* § 404.1520(c); *see id.* § 404.1522. An ALJ's conclusion that a claimant lacks a medically severe impairment or combination of impairments must be supported by substantial evidence. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Here, the ALJ made her determination based on a thorough review of the medical record. The ALJ found further support in the testimony of two medical experts. The ALJ's conclusions were thus supported by substantial evidence.

3. The ALJ permissibly discounted Appellant's testimony, as well. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "[T]he ALJ must determine whether the claimant has

presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (citation omitted). "If . . . there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1014-15 (citation and internal quotation marks omitted).

The ALJ acknowledged that "the claimant suffered from medically determinable impairments of degenerative disc disease of the cervical, lumbar and thoracic spines . . . through the date last insured . . . ." However, the ALJ found the records "devoid of any objective findings establishing these conditions as 'severe' impairments." While the ALJ recognized that Appellant complained of serious back pain in May 2006 and February 2009 medical visits, she noted unremarkable findings and observations, such as Appellant appearing in no acute distress in February 2009. In referencing a July 2009 medical treatment for gastrointestinal bleed, the ALJ acknowledged that the record mentions chronic back pain; however, the ALJ highlighted that back pain was not listed as a symptom, and medical observations were unremarkable for spinal health, range of motion, and motor/sensory deficits. The ALJ permissibly concluded that this was "inconsistent with the claimant's allegations of disabling limitations during this period." The ALJ's citation to the expert medical opinions of two physicians further bolstered

4

these findings. The ALJ thus met the requisite standard of providing "specific, clear and convincing reasons" for rejecting Appellant's claims of severe impairment during the relevant period. *Garrison*, 759 F.3d at 1014-15.

**AFFIRMED**.